# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| CLEMENT BARR RICHARDS, JR., <br><br> Plaintiff, <br> v. <br><br> UNITED STATES OF AMERICA, and TECK, <br><br> Defendant. | Case No. 2:24-cv-00002-SLG |

## ORDER RE MOTIONS TO DISMISS

Before the Court at Dockets 7 and 9 are Defendant Teck's Motion to Dismiss for Failure to State a Claim and Defendant United States of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim, respectively. Plaintiff Clement Richards did not file a response to either motion.

## BACKGROUND

In January 2024, Mr. Richards, a self-represented litigant, filed a civil action in Alaska state court against Maniilaq Association, Teck, and the Kotzebue Police Department.[1] In his complaint, Mr. Richards alleges that he is a "private peace officer signed off by the loss control department of Teck" and suffered a "work injury dated [August 21, 2015] involving domestic violence."[2] Further, he appears

---

[1] Docket 1-1.

[2] Docket 1-1 at 1–2.

to allege that he was entitled to long-term disability insurance benefits from Sun Life Insurance and has tried unsuccessfully to work with Maniilaq Association and Teck to receive disability benefits.[3] The Complaint asserts that "Maniilaq Association has committed problems" and that he has "filed a complaint with their policy and procedures."[4] With respect to Teck, he asserts that, on December 15, 2015, "Teck emailed me about treatment that never happened."[5]

The state court dismissed Defendant Kotzebue Police Department with prejudice.[6] The United States then removed the case to federal court.[7] Concurrent with its Notice of Removal, the United States Attorney for the District of Alaska filed a certification "that Maniilaq Association, a health center of certain Alaska tribes, is deemed entitled to coverage and protection under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2401(b), 2671–80, pursuant to Maniilaq's compact and agreement with the [Department of Health & Human Services] under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 5321."[8]

---

[3] *See* Docket 1-1 at 1–2.

[4] Docket 1-1 at 2.

[5] Docket 1-1 at 2.

[6] *Richards v. Maniilaq Association, et al.*, Case No. 2KB-24-00006CI (Alaska Sup. Ct. Jan. 18, 2024) (order filed at Docket 8-13).

[7] Docket 1.

[8] Docket 3 at 2.

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 2 of 13
Case 2:24-cv-00002-SLG    Document 10    Filed 11/12/24    Page 2 of 13

## LEGAL STANDARDS

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction and the Federal Tort Claims Act

The United States asserts that this Court lacks subject matter jurisdiction to hear Mr. Richards' claim against Maniilaq Association. A lack of subject matter jurisdiction necessitates dismissal under Federal Rule of Civil Procedure 12(b)(1).

The United States certified that Maniilaq Association is deemed entitled to coverage and protection under the Federal Tort Claims Act ("FTCA"). Federal law provides for special procedures when a plaintiff sues a federally funded health center, such as Maniilaq Association. When the Attorney General or his designee certifies that a federally funded health center is entitled to coverage under the FTCA, a civil action in state court "shall be removed . . . to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending" and the "United States shall be substituted as the party defendant."[9] This "transforms an action against [the health center] into one against the United States."[10] The health center is released from liability, but the United States may be held responsible for the health center's conduct.

Here, because certain actions allegedly occurred at Maniilaq Association, a

---

[9] 28 U.S.C. § 2679(d)(2); *see also* 42 U.S.C. § 233(a) (providing that the FTCA's protections extend to Public Health Services officers and employees); 25 U.S.C. § 5321(d) (deeming Indian Health Centers and their employees part of the Public Health Service for purposes of FTCA liability protection).

[10] *Hui v. Castaneda*, 559 U.S. 799, 810 (2010).

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 3 of 13
Case 2:24-cv-00002-SLG    Document 10    Filed 11/12/24    Page 3 of 13

federally funded health center,[11] the proper defendant is the United States.[12] With respect to Mr. Richards's claims resulting from the performance of medical, surgical, dental, or related functions, Maniilaq Association is deemed to be part of the Department of Health and Human Services' Public Health Service[13] and the exclusive remedy for those claims is a suit under the FTCA.[14]

The substituted defendant in this case—the United States—is a sovereign nation and therefore "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[15] "An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity."[16] The FTCA provides a limited waiver of the United States' immunity from suit, allowing claims for certain "negligent or wrongful act[s] or omission[s]" perpetrated by "any employee of the Government while acting within the scope of his [or her]

---

[11] Docket 9-1 at 3–25.

[12] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

[13] 25 U.S.C. § 5321(d).

[14] 42 U.S.C. § 233.

[15] *Tobar v. United States*, 639 F.3d 1191, 1195 (9th Cir. 2011) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)).

[16] *Blackburn v. United States,* 100 F.3d 1426, 1429 (9th Cir. 1996).

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 4 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 4 of 13

employment . . . in accordance with the law of the place where the act or omission occurred."[17]

However, "before an individual can file an action against the United States in district court, he must seek an administrative resolution of his claim."[18] An individual may file suit only after their claim is finally denied by the appropriate agency or six months have elapsed since the filing of the administrative claim.[19] Until a plaintiff administratively exhausts his claim, he has not complied with the FTCA and invoked its limited waiver of the United States' sovereign immunity. Thus, a federal court must dismiss tort claims against the United States for lack of subject matter jurisdiction where the plaintiff fails to affirmatively allege that he has exhausted his administrative remedies.[20]

## II. Motion to Dismiss for Failure to State a Claim

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must

---

[17] 28 U.S.C. § 1346(b).

[18] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. § 2675(a) (1988).

[19] 28 U.S.C. § 2675(a).

[20] 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 5 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 5 of 13

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[21]

## DISCUSSION

### I. Teck's Motion to Dismiss

Teck moves to dismiss Mr. Richards' Complaint for failure to state a claim.[22] It asserts that the Complaint lacks the necessary detail to allow Teck or the Court to infer that Mr. Richards ever applied for and was denied long-term disability benefits, an essential element of a claim for denial of coverage under an insurance policy, and it fails to allege what role Teck had with respect to any such benefits denial.[23] Moreover, Teck maintains that such a claim would be barred by the statute of limitations.[24]

Mr. Richards' Complaint fails to state a claim against Teck because it lacks sufficient detail. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[25] The Court interprets Mr. Richards' claim against Teck as a claim for denial of insurance coverage. To state such a claim, which is a type of breach

---

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[22] Docket 7.

[23] Docket 7-1 at 4–5.

[24] Docket 7-1 at 5.

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 6 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 6 of 13

of contract claim,[26] a plaintiff must allege with specificity that that an insurance contract existed between the plaintiff and the defendant, that the defendant breached that contract, and that the plaintiff suffered damages as a result.[27] Mr. Richards' Complaint states that his disability insurance coverage was with Sun Life, not Teck, and fails to explain what role Teck had in the denial of any long term disability benefits. Therefore, he fails to state a claim against Teck.

Furthermore, Mr. Richards' claim against Teck, as it is currently asserted, appears to be barred by the statute of limitations. Mr. Richard appears assert that he was wrongfully denied insurance coverage, which is a state law breach of contract claim. For such a claim, the statute of limitations, or the period of time by which a lawsuit must be filed, is three years from the date of injury.[28] Unless a lawsuit is filed before the statute of limitations ends, the case cannot proceed. In his Complaint, the latest date Mr. Richards references is April 15, 2016.[29] Assuming that was the date of his injury, Mr. Richards was required to file this lawsuit against Teck by no later than April 15, 2019. He filed his complaint in state

---

[26] *See Brannon v. Cont'l Cas. Co.*, 137 P.3d 280, 284 (Alaska 2006).

[27] *Brooks Range Petroleum Corp. v. Shearer*, 425 P.3d 65, 79 (Alaska 2018) (internal citation omitted).

[28] Alaska Stat. § 09.10.053 (specifying a three-year statute of limitations for contract actions); *Howarth v. First Nat. Bank of Anchorage*, 540 P.2d 486, 490–91 (Alaska 1975), *aff'd sub nom. Howarth v. First Nat'l Bank of Anchorage*, 551 P.2d 934 (Alaska 1976) (specifying that a claim for breach of contract usually accrues at the time of breach).

[29] Docket 1-1 at 2.

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 7 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 7 of 13

court several years later, on January 18, 2024.[30] Accordingly, the Court must dismiss Mr. Richards' claim against Teck as it appears to be barred by the statute of limitations.

## II. The United States' Motion to Dismiss

The United States moves to dismiss Mr. Richards' Complaint for lack of subject matter jurisdiction. It asserts that Mr. Richards failed to exhaust his administrative remedies and that his claim is barred by the statute of limitations.[31] In the alternative, it contends that Mr. Richards' Complaint fails to state a claim because it lacks precise allegations as to what rights the Maniilaq Association violated and how it did so.[32]

As noted above, "before an individual can file an action against the United States in district court, he must seek an administrative resolution of his claim."[33] Thus, a federal court must dismiss tort claims against the United States for lack of subject matter jurisdiction where the plaintiff fails to affirmatively allege exhaustion of administrative remedies.[34] Mr. Richards offers no facts suggesting he

---

[30] Docket 1-1 at 1.

[31] Docket 9 at 5–8.

[32] Docket 9 at 8–10.

[33] *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); 28 U.S.C. § 2675(a) (1988).

[34] 28 U.S.C. § 2675(a); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies.").

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 8 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 8 of 13

exhausted his administrative remedies through the "appropriate Federal agency"[35] before filing this case in the state court, apart from a vague assertion that he "filed a complaint with their policy and procedures."[36]  Therefore, it appears this Court lacks subject matter jurisdiction and must dismiss Mr. Richards' claim against the United States.

Furthermore, Mr. Richards' claim against the United States appears to be barred by the statute of limitations as well.  Plaintiffs who suffer an injury for which they wish to sue under the FTCA must present their claim in writing to the appropriate Federal agency within two years of when the claim accrued and file their complaint within six months after the "notice of final denial of the claim by the agency to which it was presented."[37]  As discussed above, unless a claim is filed before this deadline, the claim cannot proceed.  Again, in his Complaint, the latest date Mr. Richards references is April 15, 2016.[38]  Assuming that was the date of Mr. Richards' injury, he was required to file his administrative claim against Maniilaq Association by no later than April 15, 2018, and then file the court case within six months after the notice of final denial of his claim by the agency to which

---

[35] 28 U.S.C. § 2675(a).

[36] Docket 1-1 at 2.

[37] 28 U.S.C. § 2401(b); see also Winter v. United States, 244 F.3d 1088, 1090 (9th Cir. 2001) (FTCA claims "accrue[] when a plaintiff knows that he has been injured and who has inflicted the injury.").

[38] Docket 1-1 at 2.

Case No. 2:24-cv-00002-SLG, Richards v. United States, et al.
Order re Motions to Dismiss
Page 9 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 9 of 13

it was presented. Mr. Richards filed his complaint in state court several years later, on January 18, 2024.[39] Accordingly, the Court must dismiss his claim against the United States because it appears to be barred by the applicable statute of limitations.

## III. Filing an Amended Complaint

Although it appears highly unlikely that Mr. Richards will be able to correct the deficiencies identified in this order, the Court will grant Mr. Richards leave to file an amended complaint with respect to his claims against both Teck and the United States. This is because before a district court may dismiss any portion of a complaint, it must provide a plaintiff with an opportunity to file an amended complaint or otherwise address the problems, unless to do so would be futile.[40]

Therefore, **within 30 days of the date of this order**, Mr. Richards may file an amended complaint that attempts to correct the deficiencies identified in this order. An amended complaint must include: (1) documentation that Mr. Richards timely submitted an administrative claim to the appropriate federal agency and that this claim was denied or six months have elapsed; (2) the date of this denial; (3) allegations that identify the date on which Mr. Richards suffered an injury from the

---

[39] Docket 1-1 at 1.

[40] *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)); *see also Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (explaining futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency").

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 10 of 13
Case 2:24-cv-00002-SLG     Document 10     Filed 11/12/24     Page 10 of 13

Maniilaq Association; (4) allegations that describe the injury he suffered from Teck that occurred within three years of his filing of the Complaint in state court.

An amended complaint replaces the prior complaint in its entirety.[41] Any claim not included in the amended complaint will be considered waived. However, an amended complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[42] An amended complaint need not and should not contain legal research or analysis. Additionally, a plaintiff need not file exhibits or evidence to attempt to prove his case at the pleading stage.[43] Rather, a complaint need only to allege sufficient factual matter, accepted as true, to state a [plausible] claim for relief.[44] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. Although Plaintiff has been given the opportunity to file an amended complaint, he must not unjustifiably expand the scope of the case by alleging new unrelated claims.[45] An amended complaint must

---

[41] *See* Fed. R. Civ. P. 15; Local Civil Rule 15.1.

[42] Fed. R. Civ. P. 8(a)(2).

[43] Although the Court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, the scope of review at the screening generally is limited to the contents of the complaint. *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[44] Fed. Rule Civ. Proc. 8(a)(2).

[45] *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 11 of 13
Case 2:24-cv-00002-SLG   Document 10   Filed 11/12/24   Page 11 of 13

not include any claims or defendants for which Plaintiff lacks a sufficient legal or factual basis.

The amended complaint must contain separately numbered, clearly identified claims. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury was caused, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, and no paragraph number may be repeated anywhere in the complaint.[46] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."

## CONCLUSION

For the foregoing reasons, the Court rules as follows:

1. Defendant Teck's Motion to Dismiss at Docket 7 is GRANTED.

2. The United States' Motion to Dismiss at Docket 9 is GRANTED.

3. Mr. Richards' Complaint at Docket 1-1 is DISMISSED WITH LEAVE TO AMEND. Mr. Richards may file an amended complaint in conformance with this order within **30 days of the date of this order**. If Mr. Richards fails to file an

---

[46] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 12 of 13
Case 2:24-cv-00002-SLG    Document 10    Filed 11/12/24    Page 12 of 13

amended complaint within that time, this action will be dismissed without further notice to him.

DATED this 12th day of November 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 2:24-cv-00002-SLG, *Richards v. United States, et al.*
Order re Motions to Dismiss
Page 13 of 13
Case 2:24-cv-00002-SLG    Document 10    Filed 11/12/24    Page 13 of 13