# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

CLEMENT BARR RICHARDS, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA and TECK,

    Defendants.

Case No. 2:24-cv-00002-SLG

## ORDER OF DISMISSAL

On November 12, 2024, the Court granted Defendant Teck's Motion to Dismiss at Docket 7 and the United States' Motion to Dismiss at Docket 9, and dismissed the Complaint filed by self-represented litigant Clement Barr Richards, Jr. ("Plaintiff").[1] However, the Court provided Plaintiff with an opportunity to file an amended complaint within 30 days of the date of the order.[2] The Court warned Plaintiff that if he failed to file an amended complaint within the Court's deadline, this case would be dismissed without further notice to him.[3] To date, Plaintiff has not responded. Therefore, this case is DISMISSED for failure to prosecute.

---

[1] Docket 10.

[2] Docket 10 at 12.

[3] Docket 10 at 13.

## DISCUSSION

Rule 41(b) of Federal Rules of Civil Procedure permits dismissal due to a plaintiff's failure to prosecute or comply with a court order. In deciding whether to dismiss on this basis, a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."[4]

Here, the first two factors — the public's interest in expeditious resolution of litigation and the Court's need to manage its docket — weigh in favor of dismissal. Plaintiff's failure to file an amended complaint within the specified timeline suggests Plaintiff does not intend to litigate this action diligently.[5] Further, a presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action.[6] Because Plaintiff has not offered any justifiable reason for failing to meet the Court's deadline, the third factor also favors dismissal.[7]

---

[4] *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986).

[5] *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward... disposition at a reasonable pace, and to refrain from dilatory and evasive tactics").

[6] *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[7] *See, e.g., Hernandez,* 138 F.3d at 401 (reiterating that the burden of production shifts to the defendant to show at least some actual prejudice only after the plaintiff has given a non-frivolous excuse for delay).

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.[8] However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction,"[9] which is the case here. Thus, although this factor typically weighs against dismissal, it does not overcome Plaintiff's failure to comply with the Court's order.

The fifth factor is comprised of three subparts, which include "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the [uncooperative] party about the possibility of case-dispositive sanctions."[10] The Court's order at Docket 10 accorded Plaintiff an opportunity to file an amended complaint and warned him of the potential dismissal of this action in the event of noncompliance.

Based on the foregoing, this case must be dismissed for failure to prosecute this action. The Court finds no other lesser sanction to be satisfactory or effective in this case.[11] Therefore, this case is dismissed for failure to prosecute this action.

---

[8] *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).

[9] *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citing *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).

[10] *Conn. Gen. Life Ins.*, 482 F.3d at 1096 (internal citation omitted).

[11] *See, e.g., Ferdik v. Bonzelet,* 963 F.2d 1258, 1262 (1992) (holding that the district court's grant of an additional thirty days to amend the complaint "constituted an attempt at a less drastic sanction" and noting that a warning that failure to obey the court's order would result in dismissal can satisfy the " 'consideration of alternatives' requirement").

IT IS THEREFORE ORDERED:

1. This action is **DISMISSED without prejudice**.

2. All pending motions are **DENIED as moot.**

3. The Clerk of Court shall issue a final judgment and close this case.

DATED this 22nd day of January 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
SHARON L. GLEASON
UNITED STATES DISTRICT JUDGE